OPINION OF THE COURT
DARRELL DOWTY, Chief Justice.
This matter comes on for decision by agreement of the parties. The matter is properly before this Court pursuant to Title 4, CNCA, § 19.
The Petitioner gave timely notice of appeal of the decision of the Cherokee Nation Gaming Commission dated April 27, 2000, which affirmed the decision of the Cherokee Nation Enterprises Board of Directors in denying Petitioners claim that she was deprived of winnings, in the amount of $2,000.00 at the Roland bingo facility because of a malfunction of the machine she was playing. The respective parties have briefed the matter and the record made and considered by the Gaming Commission has been transmitted to this Court and is a part of the file.
Respondent has filed certain Motions which are now pending. First, the Respondent filed a Motion to Dismiss on December 15, 2000, alleging that the Petitioner has failed to state a cause of action upon which relief may be granted. Upon review of the pleadings, the Court FINDS that the said Motion should be, and is hereby DENIED. Secondly, the Respondent requested leave to file an Amended Motion to Dismiss out of time alleging that information supporting the Motion came to light at the settlement conference on December 22, 2000, and after the cutoff date for filing pursuant to Scheduling Order of this Court. The Court notes that the Petitioner’s Brief filed on November 8, 2000, recited a request for relief including the request for award of $2,000.00 plus interest from the November 5th, 1999. This was sufficient to put Respondent on notice and the Amended Motion was not timely presented and is ORDERED stricken. Finally, the Respondent has filed a Motion for Summary Judgment alleging that there are no issues of material fact and that Respondent is entitled to judgment as a matter of law’. This Court has previously applied the same limited scope of review’ to Commission decisions in gaming cases as is provided in title 4 CNCA § 19 for licensing disputes [1]. While this Court does not give de novo review to this appeal, we are required to look to the record made before the Gaming Commission and determine whether factual findings and conclusions are arbitrary and capricious. While we agree that our review is restricted by the Statutory Appellate scheme in place to a review of the record made, it does not *43 necessarily follow that the Respondent is entitled to judgment as a matter of law. Therefore, the Respondent’s Motion for Summary Judgment is OVERRULED.
As stated, the scope of review by this Court in Gaming cases is limited. Our review is restricted to the record made and considered by the Gaming Commission and we must give deference to the administrative expertise of the Commission. We may not set aside or reverse a decision of the Commission unless it is arbitrary and capricious, unsupported by substantial evidence or contrary to law[2]. Likewise, the Gaming Commission under its rules, in reviewing a decision of a facility’s governing commission, may make its decision on the documentary record made before the lower governing entity[3].
In its written decision, the Gaming Commission cited the decision letter of the CNE Board of Directors signed by Mr. Holderby dated February 21,2000. The CNE Board found that the machine being played by the Petitioner did malfunction as she alleged. The CNE Board then applied the rule of play in effect at the facility that “malfunctions void all plays and pays”. The Gaming Commission found that “.. the decision of the CNE Board of Directors to uphold CNE’s interpretation and application of CNE’s Rules of Operation was not arbitrary and capricious, was supported by substantial evidence, and was not contrary to existing law”.
The Petitioner in her Brief contends that the actions of both CNE and the Gaming Commission are arbitrary and capricious because both reviewing entities ignored or failed to consider relevant factors including an offer of settlement from MultiMedia, the supplier of the gaming machines; multiple and inconsistent opinions by agents and employees of the reviewing agencies; and the unreasonable disregard of facts relating to a history of malfunction of the machine in question. However, the grounds for denial of this claim by CNE is an extremely narrow one—that the machine malfunctioned and that the rules of play provide that a malfunction voids all plays and pays. The Gaming Commission found from review of the documentary record available that the denial of the claim by CNE upon these grounds was not arbitrary and capricious, was supported by the evidence and was not contrary to law.
We must review under the same standard applied by the Gaming Commission and determine whether the decision of the Gaming Commission was arbitrary and capricious, supported by the evidence and lawful, and we must give deference to the expertise of the Commission. Given the nature of the ruling, the facts relied upon were the malfunction of the machine, which was not in dispute, and the applicability of the rule of play that a malfunction voids all plays and pays. The Gaming Commission properly found that CNE’s interpretation and application of the rule met the standard of review.
In light of all of the above, and upon a careful review of the record, the decision of the Cherokee Nation Gaming Commission is hereby AFFIRMED.

. See Birkes v. CNGC, JAT-98-17

. Title 4 CNCA 1994 § 19(C)

. Rules of the Cherokee Nation Gaming Commission, Rule 2.13 Hearings